# EXHIBIT E



**Mr. Victor Morales**
Acting Chief Executive Officer

**Ms. Kari Lake**
Senior Advisor to the CEO

**Mr. Roman Napoli**
Chief Financial Officer

U.S. Agency for Global Media (USAGM)
330 Independence Ave. SW
Suite #3360
Washington, DC 20037

April 18, 2025

Dear Mr. Morales, Ms. Lake, and Mr. Napoli:

Open Technology Fund (OTF) acknowledges receipt of the proposed revisions to the active FY 2025 grant agreement that was fully executed on January 21, 2025.

USAGM continues to unreasonably and unlawfully withhold congressionally appropriated funds from the OTF. Even if USAGM wishes to needlessly renegotiate the previously approved and executed 2025 grant agreement and related financial plans, USAGM must nevertheless continue to make regular disbursements under previously executed and approved grant agreements that remain in effect, and their respective financial plans, while those negotiations are ongoing.

If USAGM does not promptly honor its obligations to disburse **$780,508** pursuant to the approved OTF FY24 Financial Plan, OTF will need to seek additional relief from the Court in *OTF v. Lake* (D.D.C. Case No. 1:25-cv-840). We request your response no later than Wednesday, April 23, 2025.

### *The Approved FY24 Grant Agreement and Financial Plan Remain in Full Force and Effect*

OTF's Grant Agreement FAIN OT01-24-GO-0001 (covering the period October 1, 2023 through September 30, 2026) (the "FY24 Grant Agreement") was executed on September 9, 2024. The FY24 Grant Agreement acknowledges that OTF had completed all necessary consultations—including with the Congress, and that OTF's FY24 spend plan was approved.

OTF also has an approved FY24 Financial Plan, which was signed by USAGM's Chief Executive Officer on December 13, 2024. Attachment 1. Under the Approved FY24 Financial Plan, OTF and USAGM agreed that $780,508 would be disbursed to cover personnel and non-personnel expenses in April 2025. These funds would normally have been disbursed on or about April 1, 2025. However, USAGM has still not disbursed the congressionally appropriated funds. Although USAGM purported to terminate OTF's grant agreements on March 15, 2025, USAGM withdrew those terminations when faced with the prospect of defending its actions in Court. *See OTF v. Lake*, ECF No. 13 at 4; ECF No. 15 at 3.

### *USAGM Proposes Radical Changes to OTF's Existing and Approved FY25 Grant Agreement*

On March 28, 2025, USAGM requested that OTF submit an updated financial plan through the end of FY 2025. On March 28, 2025, OTF provided updated FY24 and FY25 Financial Plans as requested by USAGM and on April 1, 2025 OTF submitted related funding requests as recommended by USAGM staff. USAGM took no action for over two weeks despite OTF requesting updates on the status of the revised financial plans on April 1, April 3, April 7, and April 10.

USAGM and OTF already negotiated and agreed to a grant agreement for fiscal year 2025. Grant Agreement FAIN OT01-25-GO-00001, executed on January 21, 2025, covers the period October 1, 2024, through September 30, 2027 (the FY25 Grant Agreement). The FY25 Grant Agreement is in the amount of $16,196,355, which reflected the pro-rata annual appropriation to OTF for the period covered by the First Continuing Resolution.[1] USAGM also approved a Financial Plan related to the FY25 Grant Agreement on January 22, 2025.

Since the execution of the FY25 Grant Agreement, no substantive changes in applicable law have occurred. The only necessary change to the approved FY25 Grant Agreement is to update the Award Total to the congressionally appropriated amount of $43,500,000.

On April 15, 2025, without approving the pending funding requests, USAGM sent a revised FY25 Grant Agreement (the Proposed Amended FY25 Grant Agreement). USAGM directed OTF to "provide a signed version of this Grant Agreement . . . **in order to expedite the payment process**." (emphasis in original). This strongly implied that unless OTF agreed to the proposed changes to the FY25 Grant Agreement, USAGM would continue to unlawfully withhold congressionally appropriated funds, inexplicably including FY24 funds, from OTF.

---

[1] As you know, the Congressional appropriations for fiscal year 2025 have been made in several installments, including the Continuing Appropriations Act ("First Continuing Resolution"), 2025, Pub. L. No. 118-83, 138 Stat. 1524 (2024); the American Relief Act, 2025 ("Second Continuing Resolution"), Pub. L. No. 118-158, 138 Stat. 1722 (2024); and Full Year Continuing Appropriations and Extensions Act, 2025 ("Third Continuing Resolution"), H.R. 1968, 119th Cong. § 1101(a) (2025).

The Proposed Amended FY25 Grant Agreement adds requirements that are contrary to law or would effectively prevent Open Technology Fund from fulfilling its Congressional mandates. For example, the following provisions of the Proposed Amended FY25 Grant Agreement are arbitrary, capricious, and otherwise prohibited by statute:

1. The Proposed Amended FY25 Grant Agreement cuts the congressionally appropriated funds for OTF by over $18 million (from $43,500,000 to $25,264,800) without explanation or authority.

2. The Proposed Amended FY25 Grant Agreement directs OTF's grant funds to be used solely for planning and operating expenses related to international broadcasting and administration thereof (instead of advancing internet freedom). This is inconsistent with OTF's Congressional remit. *See* 22 U.S.C. § 6208a(d)(2).

3. The Proposed Amended FY25 Grant Agreement adds a new prohibition on OTF engaging in fundraising from outside sources. This provision is directly contrary to statute. *See* 22 U.S.C. § 6208a(c)(8) (requiring OTF to maximize cooperation with public and private sectors); 22 U.S.C. § 6217(c) (instructing that appropriations for internet freedom "shall be matched, to the maximum extent practicable, by sources other than the Federal Government, including the private sector").

4. The Proposed Amended FY25 Grant Agreement would require OTF board of directors be approved by USAGM. These provisions of the proposed amendment are contrary to law. *See* 22 U.S.C. § 6202(4) (requiring that OTF's board "shall appoint successors in the event of vacancies on their respective boards, in accordance with applicable bylaws."); *see also* 22 U.S.C. § 6204 (listing powers of the USAGM CEO, which do not include oversight of the composition of the OTF Board of Directors); DC Code 29-406.04 ("the directors of a nonmembership corporation, other than any initial directors named in the articles of incorporation or elected by the incorporators, shall be elected, appointed, or designated as provided in the articles or bylaws" and that removal of directors must be done by the board of directors (29-406.08(b)).

5. The Proposed Amended FY25 Grant Agreement greatly expands USAGM's role in selecting and screening OTF employees and contractors. These provisions violate 22 U.S.C. § 6206(a)(2), which states that OTF's board "ha[s] the sole responsibility" to operate OTF.

6. The Proposed Amended FY25 Grant Agreement prohibition on the use of grant funds for funding other non-profit entities, is contrary to law and would prevent OTF from completing its mission. Congress has required that OTF maximize cooperation with "public and private sectors." 22 USC § 6208a. Barring non-profits from competing for funding from OTF also violates 2 C.F.R. § 200.319, requiring full and open competition, and restricting the placing of "unreasonable requirements" and "arbitrary action" on procurements.

7. The Proposed Amended FY25 Grant Agreement also imposes patently unreasonable 24-hour response times to requests for information made by USAGM.

8. The Proposed Amended FY25 Grant Agreement fails to adhere to 22 U.S.C. § 6208a(h), which describes how audits of OTF may be completed and violates best practices for audits set out in the Government Accountability Office's Yellow Book.

***USAGM Must Honor Existing Commitments While It Seeks to Negotiate New Grant Agreements***

Unless and until USAGM and OTF mutually agree on new arrangements, the FY24 Grant Agreement and approved FY24 Financial Plan remains binding and in full force and effect. USAGM has an obligation to promptly disburse **$780,508** to OTF.

To facilitate OTF's work with USAGM, to cure the problems with USAGM's proposal, and to avoid further disruption of OTF's work, we have prepared a proposed amendment to the FY25 Grant Agreement that is consistent with our prior grant agreements and amendments. Attachment 2.

Given the important and time sensitive nature of consistent funding to Open Technology Fund as required and set by Congress, we are requesting a meeting with USAGM personnel with authority to bind the agency no later than Wednesday, April 23, 2025.

**Laura Cunningham**
President
Open Technology Fund