**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

OPEN TECHNOLOGY FUND,

                    Plaintiff,

          v.

KARI LAKE, in her official capacity, *et al*.,

                    Defendants.

No. 25-cv-00840-RCL

**DEFENDANTS' COMBINED REPLY IN SUPPORT OF
THEIR MOTION TO DISMISS AND FOR SUMMARY JUDGMENT AND
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Defendants respectfully submit this combined reply in support of their dispositive

motion, ECF No. 33 ("Defendants' Motion"), and opposition to Plaintiff's cross-motion for

summary judgment, ECF No. 36.

Plaintiff's cross-motion confirms what is clear from the Complaint—Plaintiff's action is,

at heart, a contract dispute. Plaintiff discusses, at length, its position that Defendant USAGM

unlawfully terminated its grant agreements as a *de facto* matter. Importantly, Plaintiff does not

allege that there has been a formal contract termination. Plaintiff's claims are thus a textbook

example of a demand for payment on an existing government contract. Yet, Plaintiff maintains

that the Tucker Act does not bar the Court's jurisdiction over this case because Plaintiff's grant

agreements are the vehicles via which Plaintiff receives congressionally appropriated funds.

That is not the law. Indeed, Plaintiff's position overlooks Supreme Court guidance as well as

recent cases in this district in which two other Judges of this Court held that the Tucker Act

foreclosed jurisdiction over analogous grant termination claims. For the reasons explained herein and in Defendants' Motion, the Court should reach the same conclusion here and dismiss all of Plaintiff's claims, including its Administrative Procedure Act ("APA") claims.[1]

Nor is Plaintiff entitled to relief on its non-APA claims. As to Plaintiff's constitutional claims: another Judge of this Court reiterated just last week, "claims simply alleging that [an agency] has exceeded [its] statutory authority are not 'constitutional' claims." *Amica Center for Immigrant Rights v. U.S. Dep't of Justice*, No. CV 25-298 (RDM), 2025 WL 1852762, at *17 (D.D.C. July 6, 2025) (quoting *Dalton v. Specter*, 511 U.S. 462, 473 (1994)). The Court in that case concluded that the plaintiffs "may not circumvent the Tucker Act or the APA's reviewability bar by reframing an alleged statutory violation as a constitutional claim." *Id.* The same is true here: Plaintiff claims an entitlement to funds via statute. It lacks such an entitlement; rather, any entitlement to funds occurs only by contract—but even if it had one, that would be a statutory claim. Nor are *ultra vires* or mandamus relief available where the Tucker Act provides an avenue for Plaintiff to pursue a judicial review in the Court of Federal Claims.

To be clear—while Plaintiff raises the specter of "unlimited and unchecked power," ECF No. 1—that is a straw man. Defendants are not arguing that Plaintiff's claims are unreviewable, only that, under the Tucker Act, they are not reviewable *by this Court*. Congress has provided an avenue for review in the Court of Federal Claims.

For all the reasons explained herein and in Defendants' Motion, the Court should dismiss Plaintiff's Complaint and enter judgement for Defendants.

---

[1] As noted in Defendants' Motion, Defendants do not contest the substance of Plaintiff's APA claims should this Court determine that it has jurisdiction to address them. *See* ECF No. 33-1 at 1.

**ARGUMENT**

**I.    The Court Lacks Jurisdiction Over Plaintiff's Claims.**

Defendants' Motion explained that, under recent Supreme Court guidance—and subsequent case law applying the Supreme Court's analysis—this Court lacks jurisdiction over Plaintiff's APA claims because they are fundamentally contractual in nature.  *See* ECF No. 33-1 at 5–11.  That Plaintiff precedes its opposing argument with six pages of text under the heading "USAGM Illegally Terminated OTF's Two Current Grant Agreements," ECF No. 36-1 at 4, reinforces the contractual nature of these claims, *see id.* at 4–9.[2]

Plaintiff responds to Defendants' jurisdictional argument by referring to the Court's most recent Memorandum Order granting Plaintiff's request for a preliminary injunction, in which the Court refers to its prior ruling.  *See* ECF No. 36-1 (citing ECF no. 35 at 7).  Plaintiffs contend that "[t]here is no dispute that this 'Court has jurisdiction to hear OTF's claims regarding the defendants withholding of congressionally appropriated funds." *Id.* (citing ECF no. 35 at 7).  Plaintiff is mistaken.

Defendants understand that, as part of the Court's assessment of Plaintiff's and other USAGM grantees' motions for preliminary relief, the Court has found it likely that it has jurisdiction over Plaintiff's (and other grantees') claims.  Nonetheless, Defendants understand

---

[2]  To the extent Plaintiff discusses negotiation of a new grant agreement, or what Plaintiff terms the "Replacement Grant Agreement," ECF No. 36-1 at 8, and seeks an order preventing modifications to its existing grant agreement, *id.* at 36-1 at 35, Defendants submit that such arguments and requests are not properly before this Court because they are beyond the scope of Plaintiff's Complaint, *see generally* ECF No. 1.  Plaintiff did not plead any claims or facts tied to contract negotiations, and has not attempted to amend its Complaint to add such allegations.  *See, e.g., Hajjar-Nejad v. George Washington Univ.*, 873 F. Supp. 2d 1, 7 (D.D.C. 2012) (noting "the well-established principle that a party cannot amend its pleadings by its briefs in opposition to a dispositive motion").

the Court's decisions in such a posture to have been necessarily preliminary and respectfully submit that, in light of the Supreme Court's guidance in *Department of Education v. California*, and the subsequent development of the case law since that decision, the Court should find that jurisdiction is lacking in this case.

To begin, while Plaintiff contends that "the D.C. Circuit *en banc* court has concluded this Court retains jurisdiction," ECF No. 36-1 at 13 (citing *Widakuswara v. Lake*, No. 25-5144, 2025 WL 1521355, at *1 (D.C. Cir. May [28], 2025)), the D.C. Circuit's decision was, by its own terms, preliminary. The D.C. Circuit expressly limited its ruling to the "initial stage" of proceedings (*i.e.*, the determination of whether to enter a stay pending appeal), and noted that "of course [its decision] does not constrain the ability of the panel that hears the government's appeals to reach any conclusion following full merits briefing and argument" on the question of the Court's jurisdiction." *Id.* Indeed, the D.C. Circuit acknowledged that the Government's jurisdictional argument "raises an important issue." *Id.* Furthermore, in concurring with the *en banc* court's stay of the panel decision, Judge Pillard emphasized the importance of irreparable harm to the court's decision—a factor not present in this procedural posture. *Widakuswara v. Lake*, No. 25-5144, Dkt. No. 2117869, at 4–7 (D.C. Cir. May 28, 2025) (Pillard, J., concurring). Further distinguishing the instant case from the circumstances addressed by the D.C. Circuit—in *Widakuswara*, the D.C. Circuit was addressing its analysis to claims by grantees Radio Free Asia and Middle East Broadcasting Networks that their grant agreements were formally terminated; in the instant case, Plaintiff is seeking payment on an existing government contract. *See, e.g.,* ECF No. 36-1 at 15 (alleging "*de facto* termination," while acknowledging the Government's position that Plaintiff's grant agreement remains in effect).

Moreover, notwithstanding the *en banc* Court's decision, another Judge of this Court recently relied on the D.C. Circuit's prior panel opinion in *Widakuswara* in concluding that plaintiffs challenging a grant termination were unlikely to prevail on the merits of their claims because they were unlikely to be able to establish that the Court had jurisdiction over their claims. *See American Library Assoc. v. Sonderling*, No. CV 25-1050 (RJL), 2025 WL 1615771, at *7 (D.D.C. June 6, 2025) (noting the panel decision was "informative and persuasive" on the question of the Court's jurisdiction) (discussing *Widakuswara v. Lake*, No. 25-5144, Order, 2025 WL 1288817, at *3 (D.C. Cir. May 3, 2025), *rev'd on reconsideration en banc*, No. 25-5144, 2025 WL 1521355 (D.C. Cir. May 28, 2025)).

Although Defendants' Motion discussed *ALA v. Sonderling* at length, *see* ECF No. 33-1 at 9–10, Plaintiff's response overlooks it entirely, *see* ECF No. 36-1 at 13–14. The omission is significant because that case addressed the very feature on which Plaintiff attempts to distinguish this case from the grant terminations at issue in *Department of Education v. California*. *See id.* That is, in *ALA v. Sonderling*, the Court addressed grant termination claims against the backdrop of statutes that had specified how Congress intended the agency, the Institute of Museum and Library Services (IMLS), would use the appropriated funds. Specifically, the Court noted "IMLS is also required to issue certain grants. The [statute] mandates that IMLS award grants from minimum allotments to each State." 2025 WL 1615771, at *9. Notwithstanding those specific instructions from Congress as to how the funds would be used, the Court determined that the plaintiffs' claims in that case were appropriately viewed as primarily contractual, and not statutory. The Court reasoned that, even in light of the statutory mandates, "the main mechanism through which defendants allegedly violated those mandates is by suspending and terminating grants. As our Circuit's panel compellingly reasoned in the USAGM cases, plaintiffs' framing

of their claims for relief under the APA and the Constitution do not necessarily take this case out of the ambit of the Tucker Act." *Id.* at *7.  The Court then assessed the substance of the plaintiffs' claims and found a "focus on grants [was] woven into each of the claims for relief" and throughout the plaintiffs' arguments. *Id.*  The Court therefore found that plaintiffs were unlikely to succeed on the merits of their claims because the claims were in essence contractual, and plaintiffs therefore likely would be unable to establish the Court's jurisdiction. *See id.*

Just last week, another Judge of this Court likewise considered grant termination claims and dismissed those claims as barred under the Tucker Act. *See Vera Institute of Justice v. U.S. Dep't of Justice*, No. 25-CV-1643 (APM), 2025 WL 1865160, at *17 (D.D.C. July 7, 2025), *appeal filed* No. 25-5248 (D.C. Cir. July 10, 2025).  The Court so held both as to allegations that the grant terminations were arbitrary and capricious, and as to claims that the grant terminations were contrary to law. *Id.* at *6–14.  As to the former APA claims, the Court held dismissal was required under the Supreme Court's analysis in *Department of Education v. California,* 145 S. Ct. 966 (2025) (per curiam). *Id.* at *8–10.  As to the latter, the Court held that dismissal was required under D.C. Circuit precedent, reasoning "the court must be careful to guard against a disguised contract action, that seeks to avoid the Tucker Act "merely by alleging violations of regulatory or statutory provisions rather than breach of contract." *Id.* at *12 (quoting *Ingersoll-Rand Co. v. United States*, 780 F.2d 74, 77 (D.C. Cir. 1985)) (quotation omitted); *see also Vietnam Veterans of Am. v. Shinseki*, 599 F.3d 654, 660 (D.C. Cir. 2010) (noting "courts do not tolerate litigants' artful attempts to avoid the Court of Federal Claims by phrasing complaints as seeking injunctive relief when a money judgment would provide an adequate remedy") (citing cases collected in *Consolidated Edison v. U.S. Dep't of Energy,* 247 F.3d 1378, 1385 (Fed. Cir. 2001)).

Here, Plaintiff's contention that its grant agreements were improperly terminated resolves its whole argument. *See*, *e.g.* ECF. No. 36-1 at 15 (introducing its argument with "Defendants' *de facto* termination—withholding of congressionally appropriated funds—violates the APA"); *see also id.* at 17 (using the following heading: "USAGM's Refusal to Update the FY2025 Grant Agreement to Make OTF's FY2025 Grant Funds Available to It Constitutes Reviewable Agency Action."); *id.* at 4–9 (setting out allegations pertaining to alleged grant termination). Just as in *ALA v. Sondering* and *Vera Institute of Justice*—following the guidance provided by the Supreme Court in *Department of Education v. California*—this Court should hold that the Tucker Act vests jurisdiction over these claims solely in the Court of Federal Claims.

## II.    Plaintiff's Constitutional Claims Fail as a Matter of Law. [3]

Defendants' Motion described Supreme Court precedent that provides: "claims simply alleging that the President has exceeded his statutory authority are not 'constitutional' claims." ECF. No. 33-1 at 17 (quoting and discussing *Dalton v. Specter*, 511 U.S. 462, 473 (1994)); *see also Widakuswara*, 2025 WL 1288817, at *5 (holding constitutional claims are unlikely to succeed where "[those] claims simply flow from allegations that the Executive Branch has failed to abide by governing congressional statutes, which does not suffice to trigger the distinctively strong presumptions favoring judicial review of constitutional claims") (citing *Dalton*, 511 U.S. at 472–74). Plaintiff's response ignores that black letter law altogether. *See* ECF No. 36-1 at 30–31. Yet, whether or not Plaintiff acknowledges it, *Dalton* is controlling. These claims must be resolved by the Court of Federal Claims under the Tucker Act.

---

[3] The parties are in agreement that, if the Court grants Plaintiff relief on its APA claims, the Court should not reach the Plaintiff's constitutional claims. *See* ECF No. 33-1 at 18 n.2; ECF No. 36-1 at 30.

As discussed above, just last week, another Judge of this Court rejected plaintiff grantees' constitutional claims because they were simply a restatement of the plaintiffs' contentions that the agency did not follow statutory mandates. Quoting *Dalton*, the Court concluded: "may not circumvent the Tucker Act or the APA's reviewability bar by reframing an alleged statutory violation as a constitutional claim." *Amica Center for Immigrant Rights*, 2025 WL 1852762, at *17. The Court therefore dismissed the plaintiff grantees' claims under the Appropriations Clause and the Separation of Powers, and this Court should likewise dismiss Plaintiff's constitutional claims for the same reason. *See*, *e.g.*, *Sustainability Inst. v. Trump*, No. 25-1575, 2025 WL 1587100, at *2 (4th Cir. June 5, 2025) (holding the government was likely to succeed in arguing the district court lacked jurisdiction to grant injunctive relief as to grant terminations, reasoning "it appears unlikely that Plaintiffs' . . . claims [based on allegations that] the Government violated the Constitution when it terminated or suspended Plaintiffs' grants, would provide a detour around the Tucker Act").

Moreover, for the reasons explained in Defendants' Motion, each of Plaintiff's constitutional claims fails on its own merits as well. *See* ECF No. 33-1 at 18–22. Plaintiff's response addresses none of these deficiencies. *See* ECF No. 36-1 at 31–32.

### III.    Plaintiff's Request for Mandamus and *Ultra Vires* Claim Likewise Should Be Dismissed.

As to Plaintiff's request for mandamus relief and its *ultra vires* claim, Defendants explained in their motion that, as a matter of law, neither can succeed where there are alternative means for seeking relief available to a party. *See* ECF No. 33-1 at 22–24. Here, there is: the Court of Federal Claims. In response, Plaintiff presses both causes of action but fails to address that fundamental deficiency. Indeed, describing the legal standard applicable to its *ultra vires* claim, Plaintiff articulates the requirement that "[t]o prevail on an *ultra vires* claim, a plaintiff

must show that . . . there is no alternative procedure for review of the statutory claim." ECF No. 36-1 at 32 (quoting *Fed. Express Corp. v. U.S. Dep't of Commerce*, 39 F.4th 756, 763 (D.C. Cir. 2022)). But, having acknowledged that standard, Plaintiff proceeds to overlook it in the argument that follows. Plaintiff offers no explanation as to how that element might be met in this setting, where Congress provided the opportunity to seek relief before the Court of Federal Claims. *See Vera Institute of Justice*, 2025 WL 1865160, at *17 (dismissing plaintiffs' *ultra vires* claim where that claim was "simply a variant of their other claims, for where there are adequate forms of judicial review both in this court[4] and the Court of Federal Claims."). Indeed, the Supreme Court recently emphasized the stringent standards applicable to *ultra vires* review. *See Nuclear Regul. Comm'n v. Texas*, 145 S. Ct. 1762, 1776 (2025) ("an [ultra vires] claim is essentially a Hail Mary pass—and in court as in football, the attempt rarely succeeds") (quotation omitted).

Likewise, that judicial review is available to Plaintiff before the Court of Federal Claims forecloses Plaintiff's request for mandamus. A district court has jurisdiction to review a request for mandamus only where, *inter alia*, "'no adequate alternative remedy exists."[5] *Citizens for Resp. & Ethics (CREW) in Washington v. Trump*, 924 F.3d 602, 606 (D.C. Cir. 2019) (quotation

---

[4] The Court in *Vera Institute of Justice* concluded that the APA claims at issue were "essentially contractual in nature and belong[ed] in the Court of Federal Claims," 2025 WL 1865160, at *8, but held that the Court did have jurisdiction to review the plaintiffs' constitutional and *ultra vires* claims, *id.* at *6–7.

[5] As noted in Defendants' Motion, while the Complaint cites the All Writs Act alongside its request for a writ of mandamus, the All Writs Act cannot supply jurisdiction for a claim where it is otherwise lacking. *See* ECF No. 33-1 at 22 n.4 (citing case law). Plaintiff appears to concede that the All Writs Act cannot expand the Court's jurisdiction as Plaintiff neither responds to the point nor mentions the All Writs Act at all in its opposition. *See* ECF No. 36-1, *generally*.

omitted).  Defendants cited this black letter law in their motion, *see* ECF No. 33-1 at 22, but Plaintiff fails even to acknowledge this requirement.

Instead, Plaintiff asserts that "the standard[] for obtaining relief under [Section 706(1) of the APA] and under mandamus are "essentially the same."  ECF No. 36-1 at 34 (quoting *Vietnam Veterans of Am. v. Shinseki*, 599 F.3d 654, 659 n.6 (D.C. Cir. 2010) (citing *In re Core Communications Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008)).  Plaintiff mistakenly conflates the substantive standards for mandamus review versus when mandamus is available in the first instance.  The quotation on which Plaintiff relies was not a pronouncement by the D.C. Circuit on all the elements required to establish mandamus jurisdiction.  Rather, the D.C. Circuit therein was discussing whether the Court of Appeals for Veterans Claims (CAVC) would be able to issue relief to claimants alleging unreasonable delay in an agency action—in that context, the Court observed that the CAVC's review would be an adequate alternative to review by the district court, because the CAVC would have the power to issue a writ of mandamus to address such a claim.  *Vietnam Veterans of Am.*, 599 F.3d at 659 n.6.  Relying on *In re Core Communications Inc.*, the D.C. Circuit noted that the standard for evaluating a claim of unreasonable delay under the APA is "whether the agency's delay is so egregious as to warrant mandamus."  *Vietnam Veterans of Am.*, 599 F.3d at 659 n.6 (*In re Core Communications Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008)).  This does not address threshold elements required to establish mandamus *jurisdiction*, and, indeed, the Court's jurisdiction was not at issue in *In re Core Communications Inc.  See In re Core Communications Inc.*, 531 F.3d at 855 ("This court's jurisdiction and authority to grant [the] request [for mandamus relief] are undisputed.").

Far from being tantamount to an APA claim, a request for mandamus must clear a high bar or be dismissed for lack of jurisdiction.  As discussed in Defendants' motion, those threshold

- 10 -

requirements include (1) "a 'clear and indisputable right to relief,'" (2) "that the defendant has a "'clear duty to act,'" and (3) "that 'no adequate alternative remedy exists.'"  *See* ECF No. 33-1 (quoting *CREW*, 924 F.3d at 606).  For the reasons explained above and in Defendants' Motion, *see* ECF No. 33-1 at 22–23, Plaintiff cannot meet its burden on these elements.

## CONCLUSION

For all the reasons explained herein and in Defendants' Motion, the Court should dismiss Plaintiff's Complaint and enter judgement for Defendants.

Dated:  July 15, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch

/s/ *Abigail Stout*
ABIGAIL STOUT
(DC Bar No. 90009415)
*Counsel*
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-2000
Email: Abigail.Stout@usdoj.gov

- 11 -

/s/ Julia A. Heiman
JULIA A. HEIMAN (D.C. Bar No. 986228)
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W.
Washington, DC  20005
Tel. (202) 616-8480 / Fax (202) 616-8470
julia.heiman@usdoj.gov
*Attorneys for Defendants*