IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OPEN TECHNOLOGY FUND,<br><br>    Plaintiff,<br><br> v.<br><br>KARI LAKE et al.,<br><br>    Defendants. | Civil Action No. 1:25-cv-840-RCL |

**OPEN TECHNOLOGY FUND'S
REPLY BRIEF IN SUPPORT OF ITS
CROSS-MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... iii

INTRODUCTION .......................................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

I.      The Tucker Act Does Not Deprive This Court of Jurisdiction. ......................................... 1

        A.      Long-Standing Precedent Establishes that Jurisdiction Is Proper in This Court. ................................................................................................................. 2

        B.      The U.S. Supreme Court's Emergency-Docket Order in *Department of Education v. California* and Cases Decided After It Should Not Change the Court's Analysis. ............................................................................................ 3

II.     Defendants Do Not Contest the Undisputed Facts or Merits of OTF's APA Claims. .................................................................................................................................. 5

III.    The Relief Requested Falls Squarely Within the Four Corners of OTF's Complaint. ............................................................................................................................ 6

IV.    The Remaining Claims Advanced by OTF Are Meritorious, but Given Plaintiff's Concession of the Merits of the APA Claims, the Court Is Unlikely to Reach Them. .................................................................................................................... 8

CONCLUSION ............................................................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Library Ass'n v. Sonderling*,
   No. 25-cv-1050-RJL, 2025 WL 1615771 (D.D.C. June 6, 2025)..........................3, 4

*Amica Center for Immigrant Rights v. U.S. Department of Justice*,
   No. 25-298, 2025 WL 1852762 (D.C. Cir. July 6, 2025), *appeal filed*, No. 25-5254 (U.S. July 16, 2025)..........................8, 9

*\*Bowen v. Massachusetts*,
   487 U.S. 879 (1988)..........................2, 3, 5, 9

*California v. U.S. Dep't of Educ.*,
   132 F.4th 92 (1st Cir. 2025)..........................3

*Coal. for Underground Expansion v. Mineta*,
   333 F.3d 193 (D.C. Cir. 2003)..........................7

*Crowley Gov't Servs., Inc. v. Gen. Servs. Admin.*,
   38 F.4th 1099 (D.C. Cir. 2022)..........................2

*Dalton v. Specter*,
   511 U.S. 462 (1994)..........................8, 9

*Department of Education v. California*,
   145 S. Ct. 966 (2025) (per curiam)..........................2, 3, 4

*Gold Rsrv. Inc. v. Bolivarian Republic of Venezuela*,
   146 F. Supp. 3d 112 (D.D.C. 2015)..........................6

*Katz v. Cisneros*,
   16 F.3d 1204 (Fed. Cir. 1994)..........................2

*Land v. Dollar*,
   330 U.S. 731 (1947)..........................7

*Nat'l Ctr. for Mfg. Scis. v. United States*,
   114 F.3d 196 (Fed. Cir. 1997)..........................2

*\*RFE/RL, Inc. v. Lake*,
   No. 25-cv-799-RCL, 2025 WL 2023252 (D.D.C. July 18, 2025)..........................1, 8

*Vera Institute of Justice v. U.S. Department of Justice*,
   No. 25-cv-1643-APM, 2025 WL 1865160 (D.D.C. July 7, 2025), *appeal filed*,
   No. 25-5248 (D.C. Cir. July 10, 2025)..........................3, 4

*Widakuswara v. Lake*,
   ___ F. Supp. 3d ___, No. 25-cv-1015-RCL, 2025 WL 1166400 (D.D.C. Apr.
   22, 2025) .................................................................................................................... 5, 8

*Wilderness Soc'y v. Griles*,
   824 F.2d 4 (D.C. Cir. 1987) .................................................................................................. 7

*Williams v. Ct. Servs. & Offender Supervision Agency for D.C.*,
   110 F. Supp. 3d 111 (D.D.C. 2015), *aff'd sub nom. Williams v. Ct. Servs. &*
   *Offender Supervision Agency*, No. 15-5275, 2016 WL 10968672 (D.C. Cir.
   May 31, 2016) ........................................................................................................................ 5

**Statutes**

20 U.S.C. § 9131 ........................................................................................................................... 4

20 U.S.C. § 9161 ........................................................................................................................... 4

20 U.S.C. § 9162 ........................................................................................................................... 4

20 U.S.C. § 9165 ........................................................................................................................... 4

20 U.S.C. § 9173 ........................................................................................................................... 4

22 U.S.C. § 6204(a)(6) .................................................................................................................. 5

22 U.S.C. § 6207(f) ....................................................................................................................... 5

22 U.S.C. § 6208 ........................................................................................................................... 5

**Other Authorities**

Executive Order 14238, 90 Fed. Reg. 13,043 (Mar. 20, 2025) ..................................................... 8

Recissions Act of 2025, H.R. 4, 119th Cong. (as passed by the Senate, July 18,
   2025) ...................................................................................................................................... 1

Pl.'s Reply Br. in Support of Cross-Mot. for Summ. J.- iv
*Open Technology Fund v. Lake*, No. 1:25-cv-840-RCL

## INTRODUCTION

Plaintiff Open Technology Fund ("OTF") seeks relief from what this Court has called, in a related case, a "predictable and unfortunate pattern" of illegal conduct by Defendants. Defendants do not (and cannot) deny that they are continuing to violate the Administrative Procedure Act ("APA") and have failed to contest even a single fact set forth in Plaintiff's Motion for Summary Judgment.

Defendants' sole argument is that this Court lacks jurisdiction because this case should be brought in the Court of Federal Claims. The rights that OTF is asserting, however, are rooted in the International Broadcasting Act and the continuing resolutions to the 2024 Consolidated Appropriations Act, not in any contract between the parties. Just as in the recently decided RFE/RL, Inc. preliminary injunction, this case belongs in this Court. And this Court, like in that case, should conclude that Defendants have no intention of negotiating with OTF or ever distributing congressionally appropriated funds without judicial intervention. *RFE/RL, Inc. v. Lake*, No. 25-cv-799-RCL, 2025 WL 2023252, at *3 (D.D.C. July 18, 2025).[1]

## ARGUMENT

**I.      The Tucker Act Does Not Deprive This Court of Jurisdiction.**

Relying on long-standing Supreme Court and D.C. Circuit precedents, this Court has held that "the Tucker Act does not deprive this Court of jurisdiction because [the grantee's] asserted rights are not based in any contract, but rather, are rooted in the International Broadcasting Act and the continuing resolutions to the 2024 Consolidated Appropriations Act." *Id.* at *4 (citing

---

[1] As this Court noted, on July 18, 2025, Congress approved a rescission package regarding funds previously appropriated to the Corporation for Public Broadcasting for fiscal year ("FY") 2025. *See* Recissions Act of 2025, H.R. 4, 119th Cong. (as passed by the Senate, July 18, 2025). This reinforces the fact that the administration knows what the correct procedure is for rescinding congressionally appropriated funds. Here, the U.S. Agency for Global Media ("USAGM") has chosen a different path, one that clearly violates the APA and the U.S. Constitution.

Pl.'s Reply Br. in Support of Cross-Mot. for Summ. J. - 1
*Open Technology Fund v. Lake*, No. 1:25-cv-840-RCL

*RFE/RL, Inc. v. Lake*, ___ F. Supp. 3d ___, No. 25-cv-799-RCL, 2025 WL 1232863, at *4-5 (D.D.C. Apr. 29, 2025)); *see also* ECF 35 at 7.[2] Interim orders in recent cases involving grant funds not designated for a specific recipient should not change the Court's analysis.

    **A.**    **Long-Standing Precedent Establishes that Jurisdiction Is Proper in This Court.**

Defendants emphasize the U.S. Supreme Court's recent interim order in *Department of Education v. California*, 145 S. Ct. 966 (2025) (per curiam) ("*California*"), and subsequent cases to call into doubt this Court's jurisdiction over OTF's claims. But at the same time, Defendants ignore the well-established test to determine whether this Court retains jurisdiction: whether an action "is *at its essence* a contract claim" which "depends both on the source of the rights upon which the plaintiff bases its claims, and upon the type of relief sought (or appropriate)." *Crowley Gov't Servs., Inc. v. Gen. Servs. Admin.*, 38 F.4th 1099, 1106 (D.C. Cir. 2022) (quoting *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967-68 (D.C. Cir. 1982)) (emphasis in original).

First, as to OTF's source of rights, long-standing precedent—which the Government ignores—mandates that claims "seeking to enforce the statutory mandate itself" fall under this Court's jurisdiction. *Bowen v. Massachusetts*, 487 U.S. 879, 900 (1988) (district court retained jurisdiction over claims that sought "to enforce the statutory mandate itself"); *see also Nat'l Ctr. for Mfg. Scis. v. United States*, 114 F.3d 196, 200 (Fed. Cir. 1997) (district court retained jurisdiction over "demand for the release of the remaining funds . . . in the Appropriations Act"); *Katz v. Cisneros*, 16 F.3d 1204, 1207–09 (Fed. Cir. 1994) (district court retained jurisdiction over plaintiff's claim for "payments to which it alleges it is entitled pursuant to federal statute and regulations"). Because Congress has provided money to OTF through a specific appropriation every year since OTF was created, OTF's "source of rights" is wholly based on statute. *See* ECF

---

[2] Page number references are to the CM/ECF-generated page numbers in the document header.

Pl.'s Reply Br. in Support of Cross-Mot. for Summ. J. - 2
*Open Technology Fund v. Lake*, No. 1:25-cv-840-RCL

35 at 2 ("Since OTF's inception, Congress has appropriated money that it directs to be distributed to OTF by USAGM via grant agreements.").

Second, actions to enforce requirements for the government to pay certain amounts that a party is entitled to are not claims for "money damages." *Bowen*, 487 U.S. at 900. The Supreme Court has directed that, "a district court's jurisdiction 'is not barred by the possibility' that an order setting aside an agency's action may result in the disbursement of funds." *California*, 145 S. Ct. at 968 (quoting *Bowen*, 487 U.S. at 910). The heart of OTF's requested relief falls squarely within these bounds: "Ordering Defendants to take all necessary steps to ensure that USAGM complies with the appropriations to and grant agreements with OTF through providing all congressionally appropriated funds" and "Ordering Defendants to honor drawdown requests submitted by OTF up to the full amount of the FY2025 congressional appropriation to OTF of $43,500,000." *See* ECF 36-1 at 43.

### B. The U.S. Supreme Court's Emergency-Docket Order in *Department of Education v. California* and Cases Decided After It Should Not Change the Court's Analysis.

USAGM attempts to rely upon *California*, *American Library Ass'n v. Sonderling*, No. 25-cv-1050-RJL, 2025 WL 1615771 (D.D.C. June 6, 2025), and *Vera Institute of Justice v. U.S. Department of Justice*, No. 25-cv-1643-APM, 2025 WL 1865160 (D.D.C. July 7, 2025), *appeal filed*, No. 25-5248 (D.C. Cir. July 10, 2025) to assert that this Court does not have jurisdiction over OTF's claims. Each of these cases is distinguishable.

In *California*, "Congress directed the Secretary of Education . . . to use certain funds to make grants to entities," and "[a]fter conducting a competitive application process, the Secretary [of Education] awarded . . . 109 grants for Teacher Quality Partnership . . . and Supporting Effective Educator Development . . . programs." *California v. U.S. Dep't of Educ.*, 132 F.4th 92, 95 (1st Cir. 2025). The Supreme Court found it "likely" that the district court lacked jurisdiction

Pl.'s Reply Br. in Support of Cross-Mot. for Summ. J. - 3
*Open Technology Fund v. Lake*, No. 1:25-cv-840-RCL

because the grants could be characterized as an "express or implied contract" with the United States, falling under the Court of Federal Claims' jurisdiction. *California*, 145 S. Ct. at 968. None of the 109 grant recipients were named in the statute authorizing the funds to be spent.

Similarly, in *American Library Ass'n v. Sonderling*, Congress authorized the Institute of Museum and Library Services ("IMLS") "to enter into 'grants, contracts, cooperative agreements,' and other arrangements to further its objectives, . . . and mandate[d] that IMLS issue certain grants . . . ." 2025 WL 1615771, at *9 (citing 20 U.S.C. §§ 9108(c), 9165, 9173, 9131, 9161, 9162). Then, IMLS "reache[d] grant agreements with various entities, including plaintiffs and their members." *Id*. Under this statutory scheme, the district court concluded that "plaintiffs' claims may indeed be contract claims under the Tucker Act" in part because the plaintiff's rights "largely do not exist prior to and apart from rights created under their grant agreements." *Id*. at *8-9. Again, there was no evidence in that case that Congress named specific grant recipients or specified the precise amount of funds to be disbursed to any single recipient.

Finally, in *Vera Institute*, "Congress earmarked . . . funds for certain broad purposes," to the Department of Justice's Office of Justice Programs ("OJP"), then "OJP makes discretionary awards from these appropriations." 2025 WL 1865160, at *2. But significantly, Congress "did not mandate that the funds be awarded to any specific organization." *Id.* "[O]n par with" long-standing precedent, the court found that the plaintiff's "right to the payments arose only upon creation and satisfaction of its grant award from the government; in no sense did it exist independently of that award." 2025 WL 1865160, at *13 (quoting *Spectrum Leasing Corp. v. United States*, 764 F.2d 891, 894 (D.C. Cir. 1985)).

The common thread in each of these cases relied upon by USAGM is that the plaintiffs did not maintain an independent, statutory right to the funds they sought to reinstate. Rather, the

Pl.'s Reply Br. in Support of Cross-Mot. for Summ. J. - 4
*Open Technology Fund v. Lake*, No. 1:25-cv-840-RCL

agencies that terminated funding were given discretionary authority by Congress to enter into grant agreements for broad purposes and Congress did not specify who should receive the grants or how much should be awarded to any particular grantee. No specific grantees were identified by the relevant statutes, and the plaintiffs relied exclusively on the terms of the grant agreements for the basis of their claims.

Conversely, OTF is entitled to appropriated funds because "Congress passed laws directing USAGM to provide grants to specific grantees, and appropriated funds for those grantees specifically." *Widakuswara v. Lake*, ___ F. Supp. 3d ___, No. 25-cv-1015-RCL, 2025 WL 1166400, at *9 (D.D.C. Apr. 22, 2025) (citing 22 U.S.C. §§ 6204(a)(5), (6), 6207(f), 6208 (International Broadcasting Act); Third Continuing Resolution). Accordingly, OTF's rights are not dependent upon the existence of a grant agreement with USAGM. *Bowen*, 487 U.S. at 900 (claims filed to enforce a statutory mandate "which provides that the [agency] 'shall pay' certain amounts . . . is not a suit seeking money in *compensation* for the damage sustained by the failure of the Federal Government to pay as mandated; rather, it is a suit seeking to enforce the statutory mandate itself, which happens to be one for the payment of money.") (emphasis in original). Because "a claim of entitlement to congressional appropriations is certainly one over which the Court can exercise jurisdiction[,]" OTF's claims are proper in this Court. *Widakuswara*, 2025 WL 1166400, at *10.

## II. Defendants Do Not Contest the Undisputed Facts or Merits of OTF's APA Claims.

Defendants did not file a separate statement of genuine issues of material fact or contest in any way OTF's Statement of Undisputed Facts (ECF 36-4). Accordingly, "the Court may assume that facts identified by [OTF] in its statement of material facts are admitted . . . ." LCvR 7(h); *see also Williams v. Ct. Servs. & Offender Supervision Agency for D.C.*, 110 F. Supp. 3d 111, 115

(D.D.C. 2015), *aff'd sub nom. Williams v. Ct. Servs. & Offender Supervision Agency*, No. 15-5275, 2016 WL 10968672 (D.C. Cir. May 31, 2016).

It follows from the Defendants' failure to contest any material fact advanced by OTF and Defendants' repeated concession that they do not contest the merits of OTF's APA claims (*see* ECF 33-1 at 8, ECF 40 at 2 n.1), that if this Court determines that it has jurisdiction to hear OTF's APA claims, that the Court can and should grant OTF the full relief requested in the Complaint.

### III. The Relief Requested Falls Squarely Within the Four Corners of OTF's Complaint.

In its Complaint, OTF plainly sought relief requiring Defendants "to take all necessary steps to ensure that USAGM complies with the appropriations and grant agreements with Open Technology Fund through providing *all* congressionally appropriated funds." ECF 1 at 22, ¶ E (emphasis added). Despite this, Defendants assert in a footnote that OTF's claims for the remainder of its FY2025 funds are "beyond the scope" of the Complaint. ECF 40 at 3 n.2. This undeveloped argument need not be considered by the Court. *See Gold Rsrv. Inc. v. Bolivarian Republic of Venezuela*, 146 F. Supp. 3d 112, 126 (D.D.C. 2015) (explaining that "perfunctory and undeveloped arguments" are "deemed waived," especially "where the only reference to the argument is raised in a footnote" (citations omitted)). If the Court does consider it, USAGM's argument is incorrect for two fundamental reasons.

First, OTF sought relief related to its FY 2025 funds in its Complaint. The FY 2025 appropriations and related grant agreements are discussed in Paragraphs 6, 9, 23, 33, and 57. The gravamen of the Complaint was Defendants' "**Unlawful Withholding of Congressionally Appropriated Funds**." ECF 1 at 11 (emphasis in original). Paragraph E of OTF's relief requested sought a declaration that "Defendants are required by law to take all necessary steps to ensure that USAGM complies with the appropriations and grant agreements with Open Technology Fund through providing all congressionally appropriated funds." *Id.* at 22, ¶ E. The relief sought in

OTF's Cross-Motion for Summary Judgment mirrors that found in the Complaint. ECF 36-1 at 43 (requesting the Court order "Defendants **to take all necessary steps to ensure that USAGM complies with the appropriations to and grant agreements with OTF through providing all congressionally appropriated funds**, including amending the FY 2025 Grant Agreement so that it reflects the full congressional appropriation for that fiscal year without other modifications[.]") (words identical to the Complaint's requested relief emphasized in bold).

Second, the Court has before it not only a motion to dismiss, but also cross motions for summary judgment where the Court is expressly permitted to consider materials outside the Complaint. *See* Fed. R. Civ. P. 56(c). Even when ruling on a motion to dismiss for lack of subject matter jurisdiction "the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992) (concluding the district court did not err in relying on a declaration in ruling on the motion to dismiss)); *see also Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947) ("when a question of the District Court's jurisdiction is raised, either by a party or by the court on its own motion, the court may inquire by affidavits or otherwise, into the facts as they exist.") (citations omitted); *Wilderness Soc'y v. Griles*, 824 F.2d 4, 16 n.10 (D.C. Cir. 1987) ("a district court can assure that appropriate extra-pleading materials are consulted in determining the threshold jurisdictional issues."). Here, Defendants have not disputed any of the facts set forth in OTF's affidavits supporting its Cross Motion for Summary Judgment. Accordingly, this Court is free to consider the Complaint "supplemented by undisputed facts[.]" *Coal. for Underground Expansion*, 333 F.3d at 198.

IV. **The Remaining Claims Advanced by OTF Are Meritorious, but Given Plaintiff's Concession of the Merits of the APA Claims, the Court Is Unlikely to Reach Them.**

In response to OTF's Constitutional claims, Defendants raise two cases (*Dalton v. Specter*, 511 U.S. 462, 473 (1994), and *Amica Center for Immigrant Rights v. U.S. Department of Justice*, No. 25-298, 2025 WL 1852762 (D.C. Cir. July 6, 2025), *appeal filed*, No. 25-5254 (U.S. July 16, 2025)) that are primarily about APA jurisdiction. ECF 40 at 7-8. Defendants' assertion that *Dalton* prohibits judicial review here is incorrect. In *Dalton*, the plaintiffs challenged the President's decision to accept military base closure recommendations. The Supreme Court held that "[t]he actions of the President . . . are not reviewable under the APA because . . . the President is not an 'agency.'" 511 U.S. 462, 470 (1994) (citation omitted).

Here, OTF has challenged the actions of the USAGM and other sub-cabinet level officials, not of the President. In fact, the only directive given by the President was to eliminate "non-statutorily required components and functions." Executive Order 14238, 90 Fed. Reg. 13,043, 13,043 (Mar. 20, 2025); *RFE/RL, Inc. v. Lake*, 2025 WL 2023252, at *2. This Court has recognized that, for USAGM, "disbursing congressional appropriations are statutorily required." *Widakuswara v. Lake*, 2025 WL 1166400, at *13. The actions of USAGM and other subordinate officials contrary to laws passed by Congress remain within the Court's jurisdiction to address.

Defendants' reliance on *Amica* is similarly misplaced. That case involved claims brought by subcontractors of a prime contractor that provided services pursuant to an appropriation directed to the U.S. Department of Justice's Executive Office of Immigration Review. The agency terminated the prime contract not to avoid carrying out the wishes of Congress, but instead repeatedly asserted to the Court its intent to "in-source" the programs. The Court's holding centered on the meaning of the term "procurement" in the Tucker Act—a term not at issue here. *Amica*, 2025 WL 1852762, at *11-13. Moreover, the *Amica* Court's substitution of "an agency"

for "the President" in the relevant quote from *Dalton* appears to be a novel reformulation of *Dalton's* holding that has not appeared in other published decisions and no authority for the substitution is cited. There is good reason not to follow the *Amica* decision in expanding *Dalton's* limits on APA review of Presidential actions to include actions of "an agency." The APA, after all, was created with "the central purpose of providing a broad spectrum of judicial review of agency action." *Bowen*, 487 U.S. at 903.

In any event, given the Defendant's concession that it has no defense on the merits of OTF's APA claims, it seems unlikely that the Court will need to reach any of the Constitutional, ultra vires, or mandamus claims advanced by OTF.

## CONCLUSION

OTF is not seeking to enforce a contract, but to compel Defendants' obedience to the law. A claim filed to enforce a statutory mandate, "which provides that the [agency] 'shall pay' certain amounts . . . is not a suit seeking money in *compensation* for the damage sustained by the failure of the Federal Government to pay as mandated; rather, it is a suit seeking to enforce the statutory mandate itself, which happens to be one for the payment of money." *Bowen*, 487 U.S. at 900 (emphasis in original). That is precisely the type of claim before the Court today.

Defendants acknowledge their unlawful conduct cannot withstand the APA's arbitrary and capricious review standard. Accordingly, OTF respectfully requests that the Court enter an order granting the relief requested in its Cross-Motion for Summary Judgment before the preliminary relief previously granted by this Court runs out at the end of September. *See* ECF 35 at 11 (requiring Defendants to disburse OTF's congressionally appropriated funds through September 2025).

Dated this 22nd day of July, 2025.

Respectfully Submitted,

VAN NESS FELDMAN, LLP

/s/ *Patrick O. Daugherty*
Patrick O. Daugherty, D.C. Bar No. 981008
Michael Farber, D.C. Bar No. 449215
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Tel.: 202-298-1800
Email: pod@vnf.com; mfarber@vnf.com

Sophia E. Amberson, WA Bar No. 52528
  *Pro Hac Vice*
Liberty Quihuis, WA Bar No. 57779
  *Pro Hac Vice*
1191 Second Avenue
Suite 1800
Seattle, WA 98101
Tel.: 206-623-9372
Email: samberson@vnf.com; lquihuis@vnf.com

*Attorneys for Plaintiff*