UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OPEN TECHNOLOGY FUND,

    *Plaintiff,*

v.

KARI LAKE, *et al.,*

    *Defendants.*

Case No. 1:25-cv-840-RCL

## MEMORANDUM ORDER

This matter came before the Court on the defendants' combined [33] [34] Motion to Dismiss and for Summary Judgment and a [36] Cross-Motion for Summary Judgment filed by plaintiff Open Technology Fund ("OTF"). Given the extensive ink already spilled on the issues presented in the pending motions, and the concessions made by the defendants since the filing of the cross-motions, the Court need say little more to address the pending requests for permanent relief. For the reasons briefly stated below, the defendants' motion is **DENIED** and OTF's cross-motion is **GRANTED**.

The parties' dispute centers on the defendants' withholding of funds appropriated to the U.S. Agency for Global Media for disbursement to OTF for fiscal year 2025 via Grant FAIN OT01-25-GO-00001 ("FY2025 Grant Agreement").[1] OTF seeks an order granting their claims under § 706(1) and § 706(2) of the Administrative Procedure Act ("APA") and enjoining the

---

[1] At the time of filing, the parties also disputed the withholding of funds appropriated for fiscal year 2024 and obligated under FAIN-OT01-24-GO-0001 ("FY2024 Grant Agreement"). *E.g.*, Pl's Mem. in Supp. of Cross-Mot. for Summ. J. at 23–25, ECF No. 36-1. OTF represents that all $43.5 million funds appropriated by Congress for allocation to OTF, and obligated under the FY2024 Grant Agreement, have been disbursed. *See* Sixth Decl. of Laura Cunningham ¶ 4, ECF No. 49-1 (indicating that OTF had received $43.5 million under the FY2024 Grant Agreement); Further Consolidated Appropriations Act of 2024, Pub. L. No. 118-47, §§ 7019, 7050, 138 Stat. 460, 833 (2024) (appropriating $43.5 million for OTF for fiscal year 2024); Decl. of Anthony Smith ¶ 2, ECF No. 48-1 ("As of August 29, 2025, [USAGM had] . . . disburse[d] all Fiscal Year 2024 funds appropriated to OTF."). Only the fiscal year 2025 appropriation, FY2025 Grant Agreement, and funds obligated thereunder remain at issue.

1

defendants to disburse remaining funds obligated pursuant to the FY2025 Grant Agreement according to that Agreement's procedures.

The defendants contend that this Court lacks jurisdiction under the Tucker Act, insisting OTF's APA claims are fundamentally contractual and thus must be pursued in the Court of Federal Claims. For the reasons elaborated in this Court's November 2025 grant of OTF's request for a preliminary injunction, the Tucker Act does not affect jurisdiction over this case because OTF's APA claims arise from their statutory entitlement to funding under federal appropriations laws, not the FY2025 Grant Agreement. *See Open Tech. Fund v. Lake*, No. 1:25-cv-840-RCL, 2025 WL 3289166, at *4–8 (D.D.C. Nov. 25, 2025). This is particularly so in light of the concession discussed below.

On the merits, the sole question is whether the defendants may lawfully withhold the $43.5 million in fiscal year 2025 funds appropriated for grants to be allocated to OTF by Congress. In other words, the question is whether OTF is statutorily entitled to such funds. In opposing the November preliminary injunction, the defendants submitted a sworn declaration asserting that "USAGM does not dispute that OTF is currently entitled to the full amount of funding allocated for OTF by the FY25 Full-Year CR, apart from a 5 percent reprogramming consistent with applicable law." Decl. of Anthony Smith ¶ 12, ECF No. 48-1. OTF maintains, and the Court agrees, that this statement represents a concession by the defendants that OTF is statutorily entitled to the fiscal year 2025 funding. In their briefing and at oral argument on the November preliminary injunction, OTF argued that this concession provided grounds for granting summary judgment, and the defendants have never provided a response, at oral argument or otherwise. *See* Reply to Opp'n to Mot. for Prelim. Inj. at 2–3, ECF No. 49; Oral Arg. Tr. at 2:15–18, 3:1–21, 8:13–18, ECF No. 67 ("Oral Arg. Tr.") (OTF addressing summary

judgment implications); *id.* at 29:21–23 (defendants characterizing position as no longer pursuing "a wholesale termination and refusal to disburse funds").

Thus, the Court takes defendants as acknowledging that to the extent they continue to withhold fiscal year 2025 funds, such conduct is contrary to law and constitutes the unlawful withholding of required agency action in violation of § 706(1) and § 706(2) of the APA.[2] *See Open Tech. Fund*, 2025 WL 3289166, at *7. This is consistent with the Court's earlier ruling that the fiscal year 2025 appropriation statute creates a statutory entitlement to such funds. *See id.* Consequently, the Court concludes that there is no genuine dispute of material fact on the question of statutory entitlement. OTF is therefore entitled to judgment as a matter of law on its APA claims.[3]

Thus, upon consideration of the aforementioned motions, the responses and replies thereto, and the entire record, it is hereby

**ORDERED** that the defendants' combined [33] [34] Motion to Dismiss and for Summary Judgment is **DENIED** and OTF's [36] Cross-motion for Summary Judgment is **GRANTED** on Count I; and it is further

**ORDERED** that the defendants shall take all necessary steps to ensure that the U.S. Agency for Global Media complies with the appropriations to and grant agreements with OTF by providing all congressionally appropriated funds, including by amending the FY2025 Grant Agreement to the extent necessary to reflect the full $43,500,000 congressional appropriation for fiscal year 2025; and it is further

---

[2] To the extent that all fiscal year 2025 funds have been disbursed, the Court alternatively finds both motions as moot. But neither party has supplemented the summary judgment record to support such a finding.

[3] Addressing the remaining claims raised in the complaint is not necessary because, as OTF agrees, granting summary judgment on their APA claims affords complete relief. *See, e.g.,* Reply to Opp'n to Mot. for Summ. J. at 13, ECF No. 41.

**ORDERED** that the defendants shall honor drawdown requests submitted by OTF up to the full amount of the FY2025 congressional appropriation to OTF of $43,500,000, and it is further

**ORDERED** that the Court's preliminary injunction of November 25, 2025 concerning the timing of disbursement for congressionally appropriated fiscal year 2025 funds is made permanent.

**SO ORDERED.**

Date: March 26, 2026

Royce C. Lamberth
United States District Judge